UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES JENKINS III,

    Petitioner,

        v.                               CAUSE NO. 3:23-CV-293-JD-JPK

WARDEN,

    Respondent.

## ORDER

James Jenkins III, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-22-9-115) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of threatening in violation of Indiana Department of Correction Offense 213. Following a hearing, he was sanctioned with a loss of ninety days earned credit time. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Jenkins asserts that he did not intend his statement to the doctor as a threat and that the doctor issued the conduct report in retaliation for the grievance Jenkins filed against him. He concedes that he did not raise these claims on administrative appeal but explains that he did not do so "because the law library did not give [him] the info [he] needed at that time." Generally, State prisoners must exhaust State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. However, "Indiana does not provide judicial review of decisions by prison

administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in State court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

The administrative record reflects that Jenkins properly completed the administrative appeal process complaining of various procedural errors but that he omitted the specific claims asserted in the petition. ECF 1-1 at 4-5. It is unclear why Jenkins would have needed information from the law library to explain that he did not intend his statement to the doctor as a threat or to explain that, based on suspicious timing, it seemed as though the doctor had a retaliatory motive in issuing the conduct report. These allegations are based solely on Jenkins' personal knowledge and suspicions. Further, he completed the administrative appeal process in timely manner using the proper forms, so he did not need law library access for assistance the appeal process itself. Additionally, the appeal process did not require inmates to provide legal theories or citations to support their appeals. Consequently, Jenkins' claims are procedurally defaulted, and he has demonstrated no valid basis to excuse procedural default. Nevertheless, the court will assess the claims on the merits. *See* 28 U.S.C. § 2254

Jenkins argues that he is entitled to habeas relief because he did not intend his statement to the doctor as a threat of violence to the doctor. He represents that he intended to convey that he would commit suicide as a cry for medical attention.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

Under departmental policy, threatening is defined as "communicating to another person an intent to physically harm, harass, or intimidate that person or someone else." Indiana Department of Correction, The Disciplinary Code for Adult Offenders, Policy No. 02-03-101 (effective March 1, 2020).[1] The administrative record includes a conduct report in which a doctor represents that, on September 15, 2022, he received a health request form from Jenkins, stating, "Since you think my mental health is a joke, a voice done told me to show you the next time I see you. By not helping me, you did this to us." ECF 1-1 at 1. The administrative record contains the health request form that is the subject of the conduct report. *Id.* at 2. It also contains Jenkins' testimony that "I was

---

[1] This policy is available at https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf.

trying to tell him I was suicidal and bipolar. I didn't write it as a threat." *Id.* at 3. The conduct report and the health request form constitute some evidence that Jenkins committed the offense of threatening. The statement in the health request form was vague as to what Jenkins wanted to "show" the doctor, conveyed that he felt frustrated and insulted by the doctor, and could be reasonably interpreted as a threat of violence. Though Jenkins provided an alternate interpretation, the hearing officer was not required to credit it. Therefore, the argument that Jenkins did not intend the statement as a threat is not a basis for habeas relief.

Jenkins argues that he is entitled to habeas relief because the doctor issued the conduct report in retaliation for the grievance filed against him. "[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001) (citing *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999)). Consequently, this argument is not a basis for habeas relief.

If Jenkins wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

4

(3) DENIES James Jenkins III leave to appeal in forma pauperis.

SO ORDERED on April 25, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5